ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV

2007 AUG -7 A 8: 55

CLERK [signature]

| | |
|---|---|
| TANYA R. JENKINS and CARLOS R. JENKINS, III, ) ) ) Plaintiffs, ) ) v. ) ) HUMAN RELATIONS COMMISSION, ) and EEOC - ATLANTA OFFICE a/k/a ) Equal Employment Opportunity ) Commission, ) ) Defendants. ) | CV 107-027 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiffs are *pro se* and proceeding *in forma pauperis* in the above-captioned employment discrimination case. While pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** because Plaintiffs fail to state a claim upon which relief may be granted.

### I. BACKGROUND

The facts of this case, as set forth in the complaint, are difficult to discern. However, liberally construing Plaintiffs' complaint, the Court finds the following. Plaintiffs name as

Defendants: (1) the Human Relations Commission ("HRC") and (2) the Equal Employment Opportunity Commission ("EEOC"). (Doc. no. 1, pp. 1 & 4). Plaintiff Tanya Jenkins ("Ms. Jenkins") submits that her civil rights were violated, and Plaintiff Carlos R. Jenkins, III ("Mr. Jenkins") maintains that he suffered a loss of consortium, because Defendants failed to properly investigate Ms. Jenkins's employment discrimination complaint. (Id. at 5-6).

According to Ms. Jenkins, she was confronted in a workplace break room regarding a suspected theft because of her race. (Id. at 46). Consequently, Ms. Jenkins filed an employment discrimination complaint with the HRC in 2006.[1] (Id. at 5). Ms. Jenkins alleges that Mr. Joyner with the HRC documented her claim, but that Ms. Gloria Ricks with the HRC allowed the manager from JC Penney, who confronted Ms. Jenkins, to conduct her own internal investigation. (Id.) Furthermore, Ms. Jenkins maintains that the manager denied the confrontation occurred and made Ms. Jenkins's witnesses submit statements to Ms. Ricks on the manager's behalf. (Id. at 5-6). On September 27, 2006, Mr. Frank C. Thomas, HRC Director, sent Ms. Jenkins a letter stating that the evidence did not support her allegations, but that the EEOC would review her case. (Id. at 66). Ms. Jenkins contends that the HRC did not afford her the opportunity to address JC Penney's contentions because allowing such would have revealed EEOC policy violations. (Id. at 5-6).

---

[1] The HRC has a "work-share agreement" with the EEOC, wherein the HRC receives and investigates discrimination complaints prohibited by federal law. Augusta Human Relations Frequently Asked Questions, http://www.augustaga.gov/departments/human_relations/faq.asp (last visited June 29, 2007). Under this agreement, the HRC issues a notice and submits a file to the EEOC, which issues a right-to-sue letter, if the HRC determines there is no evidence of discrimination. Id. Conversely, the HRC attempts to conciliate with the employer to develop a remedy, if it determines there is evidence of discrimination. Id. However, the case is forwarded to the EEOC and a letter of right-to-sue is issued, if the HRC cannot conciliate. Id.

On December 11, 2006, Ms. Jenkins sent a letter to Ms. Cynthia Pierre, EEOC Field Management Director, complaining that the HRC violated EEOC procedures. (Id. at 23). Ms. Bernice Williams-Kimbrough, EEOC Atlanta District Office Director, sent Ms. Jenkins a letter on December 13, 2006, apologizing for what may have occurred, promising to process her complaint in accordance with EEOC procedures, and instructing Ms. Jenkins to direct future inquiries to Mr. James D. Brown. (Id. at 29). Rather than conduct a new investigation, Ms. Jenkins alleges that the EEOC reviewed her case file without affording her the opportunity to submit additional information. (Id. at 8-9). On December 20, 2006, Ms. Jenkins sent Ms. Williams-Kimbrough a fax, reporting an argument she had with Mr. Brown, who previously informed her that the evidence did not support her claim and that he considered the case closed. (Id. at 30-34). Furthermore, Ms. Jenkins asked why the EEOC did not conduct a new investigation, complained that EEOC procedures were not followed, and requested a right-to-sue letter. (Id. at 30-40). Ms. Jenkins maintains that she never received a copy of the case file or a right-to-sue letter. (Id. at 41). Mr. Jenkins contends that these events strained his relationships with Ms. Jenkins and his children. (Id. at 5-6).

As relief, Ms. Jenkins requests that the Court report Defendants to the appropriate office in Washington, D.C., fine Defendants for failing to comply with EEOC procedures, award an unspecified amount of pecuniary damages, and compel Defendants to give her a right-to-sue letter. (Id.). Furthermore, Ms. Jenkins asks that the Court order Defendants to apologize for misleading Congress and for failing to adhere to EEOC protocol. (Id. at 6). Mr. Jenkins seeks an unspecified amount of monetary damages. (Id. at 5-6).

## II. DISCUSSION

Ms. Jenkins's claim, under Title VII of the Civil Rights Act of 1964, against the EEOC fails as a matter of law. Title VII does not provide an express or implied cause of action against the EEOC to challenge its investigation or processing of a discrimination complaint. See Hill v. Brownlee, 180 Fed. Appx. 891, 891 (11th Cir. May 17, 2006) (*per curiam*); see also Gibson v. Missouri Pac. R.R. Co., 579 F.2d 890, 891 (5th Cir. 1978) (affirming district court's dismissal of complaint against EEOC because Title VII confers no right of action against the enforcement agency).[2] In this case, Ms. Jenkins does not allege that the EEOC actually participated in the employment practices of which she complains. Rather, Ms. Jenkins contends that her civil rights were violated because the EEOC failed to properly investigate her employment discrimination complaint. Therefore, Ms. Jenkins's Title VII claim against the EEOC fails as a matter of law.

Similarly, Ms. Jenkins's Title VII claim against the HRC fails as a matter of law. Although the HRC is officially part of the City of Augusta, the "work-share agreement" makes it a fundamental part of the EEOC's complaint investigation process. Consequently, permitting a Title VII lawsuit against the HRC, based on its investigation of an employment discrimination complaint, amounts to a Title VII lawsuit against the EEOC, which, as discussed above, is not permitted. Furthermore, a Title VII cause of action against the HRC would "contradict Title VII's policy of individual enforcement of equal employment opportunity laws." Cf. Smith v. Casellas, 119 F.3d 33, 34 (D.C. Cir. 1997) (*per curiam*) (noting that Congress intended Title VII to create a private right of action, whereby an

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

aggrieved employee may bring suit directly against an employer, to serve as the remedy for any discrimination charge improperly handled by the EEOC) (citing Ward v. EEOC, 719 F.2d 311, 313 (9th Cir. 1983)). Therefore, Ms. Jenkins's claim against the HRC must also fail as a matter of law because Title VII does not create a cause of action to challenge the investigation and processing of a discrimination complaint.

Next, the Court turns it attention to Mr. Jenkins's loss of consortium claim. "Loss of consortium is a derivative tort, and no liability can attach where the defendant owes no tort liability to the spouse." Durly v. APAC, Inc., 236 F.3d 651, 658 (11th Cir. 2000) (citing Hightower v. Landrum, 136 S.E.2d 425, 428 (Ga. Ct. App. 1964)). Furthermore, Title VII claims do not provide a basis for derivative liability for loss of consortium. See id. (affirming district court's summary judgment against the loss of consortium claim asserted by the husband of an employee, who sued her former employer and supervisor under Title VII). In this case, Mr. Jenkins contends that his relationships with Ms. Jenkins and his children were strained because Defendants failed to properly investigate Ms. Jenkins's employment discrimination complaint. (Doc. no. 1, pp. 5-6). However, as previously discussed, Defendants are not liable to Ms. Jenkins under Title VII, and thus, no derivative liability can attach to Defendants for Mr. Jenkins's alleged loss of consortium. Furthermore, assuming Ms. Jenkins was able to state a viable Title VII claim against Defendants, Mr. Jenkins's claim would still fail as a matter of law because Title VII does not provide a basis for his derivative loss of consortium claim. Therefore, Mr. Jenkins fails to state a claim upon which relief may be granted in this Court.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** because Plaintiffs fail to state a claim upon which relief may be granted.

SO REPORTED AND RECOMMENDED this 14th day of August, 2007, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE